IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN JAMES CERVANTES,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN WAUGH, DENNIS BYRNE, and MICHAEL YOUNG,<br><br>Defendants. | 8:22CV160<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

1

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff complains his Second Amendment right to keep and bear arms was violated when he was denied a firearm purchase permit by the Kearney Police Department on October 2, 2019, and again on December 21, 2021, although he successfully appealed the second denial. Plaintiff brings individual-capacity claims against three police officers who denied his applications—Chief Bryan Waugh, Captain Michael Young, and Lieutenant Dennis Byrne.[1] Plaintiff alleges he met all federal, state, and local requirements for the firearm purchase permit but was told by Chief Waugh that the "special circumstances" played a part in both denials. Plaintiff seeks an award of punitive damages for Defendants' "knowing[ly], willingly, and maliciously" denying his applications.

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff expressly relies on the Second Amendment. which provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Second Amendment conferred an individual right to keep and bear arms. *D.C. v. Heller*, 554 U.S. 570, 595 (2008). This constitutional right is fully applicable to the States by virtue of Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S.

---

[1] Plaintiff previously sued the Department and Defendants Byrne and Young in their official capacities, see Case No. 22CV64, but that case was dismissed without prejudice on March 11, 2022. The present action was filed on April 25, 2022.

742 (2010). Defendants allegedly acted under color of state law in denying Plaintiff a firearm purchase permit.

## IV. CONCLUSION

Plaintiff alleges a plausible Second Amendment claim which will be allowed to proceed to service of process against Defendants in their individual capacities. Plaintiff is cautioned this is only a preliminary determination, which is based solely on allegations contained within the Complaint. This is not a determination on the merits of his claim or any potential defenses to it.

IT IS THEREFORE ORDERED:

1. This case shall proceed to service of process against Defendants Bryan Waugh, Michael Young, and Dennis Byrne in their individual capacities.

2. For service of process on Defendants the Clerk of Court is directed to complete a summons form and a USM-285 form for each Defendant using the address "Kearney Police Department, 2025 Avenue A, Kearney, NE 68847."

3. The Clerk of Court shall then forward the completed forms to the Marshals Service together with a sufficient number of copies of Plaintiff's signed Complaint (Filing 1) and this Memorandum and Order.[2]

4. **The Marshals Service shall serve Defendants Bryan Waugh, Michael Young, and Dennis Byrne in their individual capacities at "Kearney**

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

**Police Department, 2025 Avenue A, Kearney, NE 68847**," by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

8. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 13th day of May, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

4